# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WILLIAM R. WILSON,**
**Claimant Below, Petitioner**

**FILED**

June 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0177**  (BOR Appeal No. 2046225)
(Claim No. 2010130256)

**ROCKSPRING DEVELOPMENT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William R. Wilson, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockspring Development, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 1, 2012, in which the Board reversed a July 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 30, 2010, decision denying Mr. Wilson's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilson was injured when lifting a large rock off a section of the belt on April 7, 2010, while working for Rockspring Development, Inc. On April 30, 2010, the claims administrator rejected Mr. Wilson's application for benefits in reliance on Cabell Huntington Hospital records that stated the x-rays of the cervical and lumbar spine showed arthritis and degenerative disc disease only. The Office of Judges reversed the claims administrator's decision, and held the claim compensable for aggravation of preexisting degenerative cervical and lumbar processes because it found Mr. Wilson was injured in the course of and as a result of his employment on April 7, 2010.

1

The Board of Review reversed the Office of Judges' Order, and held that the medical evidence does not establish that an injury occurred that aggravated the degenerative disc disease. On appeal, Mr. Wilson disagrees and asserts that the Board of Review erred because simply having a prior injury to a similar area does not preclude him from suffering a new injury to the same area at a later point in time. Rockspring Development, Inc. maintains that the Office of Judges erred and was properly reversed by the Board of Review because the evidence did not support the Office of Judges' Order. On May 17, 2011, Dr. Mukkamala found the degenerative disc disease to be related to the neck pain and therefore, not compensable. He concluded that the April 7, 2010, injury was simply an exacerbation of the December 3, 2009, injury from which Mr. Wilson had reached maximum medical improvement, and there was no evidence of a new injury.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision dated April 30, 2010. The Board of Review relied on Dr. Mukkamala's report. However, the Board of Review failed to fully state Dr. Mukkamala's conclusion by omitting that Dr. Mukkamala concluded that the April 7, 2010, injury was an exacerbation of the prior injury on December 3, 2009. The Board of Review and the Office of Judges noted that the fact that Mr. Wilson having a degenerative disc disease does not preclude him from suffering a compensable injury to the same body part. The Office of Judges reversed the claims administrator's decision and held the claim compensable for aggravation of preexisting degenerative cervical and lumbar processes because it found Mr. Wilson was injured in the course of and as a result of his employment on April 7, 2010. The Office of Judges relied on Dr. Mukkamala's entire conclusion and noted that he found no evidence of a new injury but did find that the April 7, 2010, injury exacerbated the December 3, 2009, injury. Ultimately, the Office of Judges held the claim compensable for aggravation of preexisting degenerative cervical and lumbar processes. We agree with the reasoning and conclusions of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the Office of Judges' July 19, 2011, Order.

Reversed and Remanded.

**ISSUED:   June 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II